UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TRAVIS W. MEAD, JR.,                           ) | |
|                                   *Plaintiff*,     ) | |
| v.                                        ) | No. 2:24-cv-00518-JMS-MJD |
| F. VANIHEL, Facility Warden;               ) | |
| YVONNE PORTER, Mental Health Professional; ) | |
| HOPPER DR., Mental Health Professional;     ) | |
| MEHTA DR., Psychiatrist;                     ) | |
| CENTURION HEALTH OF INDIANA,            ) | |
| Health Care Provider;                          ) | |
| NIKKI TAFOYA, Director of Psychological Health; and ) | |
| DEANNA DWENGER DR.,                    ) | |
| Executive Director of Mental Health Services,    ) | |
|                                   *Defendants*.     ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Travis W. Mead, Jr., is a prisoner at the Wabash Valley Correctional Facility. He filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment and Fourteenth Amendment rights after being deliberately indifferent to his serious mental health needs, resulting in his twice cutting himself and being placed on suicide watch. [Filing No. 2.] Because Mr. Mead is incarcerated, this Court must screen his Complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I.**
**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Mead names the following Defendants: Warden Frank Vanihel, Mental Health Professional Yvonne Porter, Dr. Hopper, Dr. Mehta, Director Nikki Tafoya, Dr. Deanna Dwenger, and Centurion Health of Indiana (which the Court understands to be properly identified as Centurion of Indiana, LLC ("Centurion")).

His factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Mead has been diagnosed with four Axis-1 mental illnesses. [Filing No. 2 at 5.][1] For Mr. Mead's mental health conditions, he alleges that, typically, he was treated through therapy by Defendant Yvonne Porter, but one day suddenly stopped receiving treatment. [Filing No. 2 at 3.] According to Mr. Mead, Dr. Mehta, Dr. Hopper, Centurion, Director Tafoya, and Dr. Dwenger investigated and knew about this problem but still did not provide Mr. Mead adequate medical

---

[1] *See Rasho v. Elyea*, 856 F.3d 469, 472 n.2 (7th Cir. 2017) (describing "Axis I" as "a classification for clinical disorders recognized in the Diagnostic and Statistical Manual of Mental Disorders (4th ed. Text Rev. 2000) ('DSM-IV'), published by the American Psychiatric Association and widely recognized as an authoritative source for information about mental conditions. 'Axis II' is the DSM-IV's classification for personality disorders.")

treatment. [Filing No. 2 at 3.] Mr. Mead was removed from the mental health unit and placed in general population, where he later cut himself twice and was twice placed on suicide watch. [Filing No. 2 at 3.]

Mr. Mead claims that he has been subjected to cruel and unusual punishment due to the alleged medical malpractice, in violation of the Eighth Amendment. [Filing No. 2 at 5.] He also asserts that his Eighth Amendment and Fourteenth Amendment rights have been violated by Warden Vanihel because he is restricted in punitive prison conditions and has lost "privileges . . . even though [he has] done nothing wrong for them to be taken away." [Filing No. 2 at 5.]

Mr. Mead seeks an injunction that "puts [him] in mental health placement" and provides him "adequate mental health treatment." [Filing No. 2 at 8.] He also seeks damages and costs. [Filing No. 2 at 8.]

### III.
### DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Mead has identified the theories he wishes to use—Eighth Amendment, Fourteenth Amendment, and potentially a state-law claim of medical malpractice. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Mead's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

A.  **Warden Vanihel**

Mr. Mead claims that Warden Vanihel violated the Fourteenth Amendment because he unlawfully "approved for [his] privileges to be taken away," which would be "deliberately indifferent." [Filing No. 2 at 5.]

To the extent that Mr. Mead raises Fourteenth Amendment due process claim based on his allegation that he was placed in restrictive housing and his privileges were taken away, he has failed to state a claim. "Whether a liberty interest is implicated by disciplinary segregation depends on both the time and conditions of confinement. . . ." *Beamon v. Pollard*, 711 F. App'x 794, 795–96 (7th Cir. 2018) (affirming summary judgment in favor of defendants and concluding that 135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment) (citing *Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (no liberty interest in avoiding 182 days' segregation); *Lekas v. Briley*, 405 F.3d 602, 611-12 (7th Cir. 2005) (noting that 90 days' segregation was "still not so long as to work an atypical and significant hardship" where conditions were not atypical and significant to alter the nature of confinement)). Mr. Mead has alleged that he was denied privileges in restrictive housing, but does not otherwise allege the conditions of that housing. In any event, Mr. Mead has not named any individual who is responsible for placing him in restrictive housing, and that individual likely is not the Warden. He therefore has failed to state a due process claim against Warden Vanihel.

Mr. Mead also alleges that "to punish [him] the same exact way as someone with disciplinary segregation time is being deliberately indifferent which is a violation of the 14th Amendment." [Filing No. 2 at 5.] This claim can be liberally construed to implicate the Eighth Amendment. "To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered

from an objectively serious medical condition, and then determining whether the individual was deliberately indifferent to that condition." *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).

For the first step of the analysis, "[a]ll agree that suicide is an objectively serious medical condition." *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020). And the Seventh Circuit "repeatedly [has] recognized a jail or prison official's failure to protect an inmate from self-harm as one way of establishing deliberate indifference to a serious medical need." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). "The obligation to intervene covers self-destructive behaviors up to and including suicide." *Id.*

For the second step of the analysis, the question is one of subjective knowledge: "[d]eliberate indifference requires that a defendant actually know about yet disregard a substantial risk of harm to an inmate's health or safety." *Rasho*, 856 F.3d at 476. "The standard is a subjective one: The defendant must know facts from which he could infer that a substantial risk of serious harm exists and he must actually draw the inference." *Id.* (quoting *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016)). Although Mr. Mead alleges an objectively serious medical condition, he has not alleged sufficient facts to allow a reasonable inference that Warden Vanihel knew about his mental health conditions and disregarded them.

The Eighth and Fourteenth Amendment claims against Warden Vanihel are **DISMISSED**.

  B.    Ms. Porter

    1.    *Eighth Amendment*

Mr. Mead also raises an Eighth Amendment claim against Ms. Porter. The Court has already explained that Mr. Mead's mental health was a serious medical need.

The Seventh Circuit has recognized that a constitutionally significant, serious of risk of harm can arise when a prisoner is transferred out of a mental health unit into another unit that erodes his mental health in such a way that leads to self-harm. *See, e.g.*, *Rasho*, 856 F.3d at 472

5

(reversing summary judgment and ruling in favor of mentally ill prisoner who was transferred out of the mental health unit and "was denied even minimally adequate mental health care for more than 20 months," leading to "mental health deteriorate[ion] and . . . self-mutilation").

Mr. Mead's claim of Eighth Amendment deliberate indifference against Ms. Porter **shall proceed**.

### 2. *Medical Malpractice*

Construing the Complaint liberally, Mr. Mead may be attempting to pursue medical malpractice claims against Ms. Porter. [Filing No. 2 at 4 (Mr. Mead complaining about "Yvonne Porter's medical malpractice").] "To prevail in a medical malpractice action, the plaintiff must prove three elements: (1) a duty on the part of the defendant in relation to the plaintiff; (2) failure to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure." *Overshiner v. Hendricks Reg'l Health*, 119 N.E.3d 1124, 1131 (Ind. Ct. App. 2019) (internal quotations omitted). Under this standard, Mr. Mead has stated a claim of medical malpractice against Ms. Porter, and his medical malpractice claim against her **shall proceed**.

### C. Dr. Hopper, Dr. Mehta, Dr. Dwenger, and Director Tafoya

### 1. *Eighth Amendment*

Mr. Mead alleges that Dr. Hopper, Dr. Mehta, Dr. Dwenger, and Director Tafoya knew about Ms. Porter's conduct, failed to rectify it, and permitted him to enter general population despite his mental health challenges.

Mr. Mead's Eighth Amendment claim for deliberate indifference against Dr. Hopper, Dr. Mehta, Dr. Dwenger, and Director Tafoya **shall proceed**.

        *2.*     *Medical Malpractice*

In accordance with the medical malpractice standard detailed above, to the extent that Dr. Hopper, Dr. Mehta, Dr. Dwenger, and Director Tafoya did exercise medical judgment in connection with Mr. Mead being released into the general population and not receiving proper medical attention, Mr. Mead has stated a claim of medical malpractice against each of them as well. A medical malpractice claim against Dr. Hopper, Dr. Mehta, Dr. Dwenger, and Director Tafoya **shall proceed.**

    **D.**    **Centurion**

Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "[A] municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Moreover "a private corporation is not vicariously liable under s 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).

Here, Mr. Mead has not identified any policies or practices by Centurion that caused his injuries. Therefore, his Eighth Amendment claim against Centurion must be **DISMISSED**. This summary of claims includes all of the viable claims identified by the Court.

**IV.**
**CONCLUSION**

The following claims **SHALL PROCEED** in this action:

- Eighth Amendment claims against Yvonne Porter, Dr. Hopper, Dr. Mehta, Dr. Deanna Dwenger, and Director Nikki Tafoya for deliberate indifference to a serious medical need; and

- Medical malpractice claims against Yvonne Porter, Dr. Hopper, Dr. Mehta, Dr. Dwenger, and Director Tafoya.

All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 18, 2025,** in which to file a motion to reconsider the screening order.

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants Yvonne Porter, Dr. Hopper, Dr. Mehta, Dr. Deanna Dwenger, and Director Nikki Tafoya, in the manner specified by Rule 4(d). Process shall consist of: (1) Mr. Mead's Complaint at Filing No. 2; (2) applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and (3) this Order.

The **CLERK IS DIRECTED** to serve Defendants Yvonne Porter, Dr. Hopper, Dr. Mehta, Dr. Deanna Dwenger, and Director Nikki Tafoya, who are identified as employees of Centurion, electronically. A copy of this Order and the process documents shall also be electronically served on Centurion. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Federal Rule of Civil Procedure 12.

The Clerk shall **terminate** Defendant F. Vanhiel, Warden.

**IT IS SO ORDERED.**

Date: 5/20/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TRAVIS W. MEAD, JR.
149976
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only


Electronic service to Centurion

- Yvonne Porter
- Dr. Hopper
- Dr. Mehta
- Dr. Deanna Dwenger
- Director Nikki Tafoya